UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-cr-217-FDW-DCK-1

| | |
|---|---|
| RONALD TAMARCUS CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Petitioner's *pro se* Petition for Writ of *Audita Querela,* (Doc. No. 46), in which he seeks relief pursuant to 28 U.S.C. § 1651. The Clerk of Court will be instructed to open this Petition in a new civil case.

**I.    BACKGROUND**

Petitioner was charged with: Count One, possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b); Count Two, using and carrying a firearm in furtherance of a drug trafficking crime as charged in Count One, in violation of 18 U.S.C. § 924(c)(1); and Count Three, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (Doc. No. 46).

Petitioner pleaded guilty to Counts One and Two pursuant to a Plea Agreement in exchange for the Government's dismissal of Count Three. (Doc. No. 18). The Plea Agreement provides *inter alia* that Count One is punishable by up to 20 years' imprisonment and Count Two is punishable by at least five years' imprisonment, consecutive. (Doc. No. 18 at ¶ 4). The parties stipulated that, notwithstanding any recommendations in the Plea Agreement, "if the Probation Office determines from the defendant's criminal history that U.S.S.G. § 4B1.1 (Career Offender), or a statutory

1

minimum sentence applies, then that provision will be used in determining the sentence." (Doc. No. 18 at ¶ 7(c)). The Plea Agreement also provides that Petitioner is waiving "all … rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) the sentence, but only to the extent defendant contests the sentence that one or more findings on guideline issues were inconsistent with the explicit stipulations contained in any paragraph in the plea agreement filed herein, or on the basis of an unanticipated issue that arises during the sentencing hearing and which the District Judge finds and certifies to be of such an unusual nature as to require review by the Fourth Circuit Court of Appeals." (Doc. No. 18 at ¶ 20).

The Presentence Investigation Report ("PSR") calculated the base offense level for Count One as 18 because Petitioner is responsible for 915.04 grams of cocaine. (Doc. No. 47 at ¶ 18). However, Petitioner is a career offender because he has been convicted of felony possession with intent to manufacture, sell, or deliver cocaine (00CRS50882) and felony assault on a female (01CRS716). (Doc. No. 47 at ¶ 23). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 29. (Doc. No. 47 at ¶¶ 24, 25). The guideline sentence for Count Two is the term required by statute. (Doc. No. 47 at ¶ 26). The PSR's criminal history section indicates that the two convictions upon which the career offender enhancement is based were "consolidated for sentencing … [but were] separated by an intervening arrest…." (Doc. No. 47 at ¶¶ 38, 39). Petitioner had four criminal history points and a criminal history category of III, however, the criminal history category for career offenders is VI. (Doc. No.4 7 at ¶ 41). The resulting advisory guideline range for Counts One and Two was between 262 and 327 months' imprisonment. (Doc. No. 47 at ¶ 28).

The Court sentenced Petitioner at the bottom of the guidelines range to a total of 262

2

months' imprisonment, consisting of 202 months for Count One and 60 months, consecutive, for Count Two, followed by three years of supervised release. (Doc. No. 26). Petitioner did not appeal.

Petitioner filed a *pro se* § 2255 Motion to Vacate in 2011 that was dismissed with prejudice as time-barred, case number 3:11-cv-623-FDW. Clark v. United States, 2013 WL 317017 (W.D.N.C. Jan. 28, 2013). The Fourth Circuit Court of Appeals dismissed Petitioner's appeal on April 25, 2017 pursuant to Petitioner's appellate waiver, Fourth Circuit case number 13-6490. (Doc. No. 43).

Petitioner filed a second § 2255 Motion to Vacate through counsel on July 26, 2016, while his first § 2255 appeal was still pending, case number 3:16-cv-579. Petitioner argued that he should not have been sentenced as a career offender pursuant to Johnson v. United States, 576 U.S. 591 (2015). The proceeding was stayed pending the United States Supreme Court's consideration of Beckles v. United States, and counsel voluntarily dismissed the action after Beckles was decided. 137 S.Ct. 886 (2017).[1]

Petitioner now seeks a writ of *audita querela* pursuant to § 1651 because, he argues, he does not qualify as a career offender pursuant to United States v. Davis, 720 F.3d 215 (4th Cir. 2013).[2]

**II.    DISCUSSION**

The All Writs Act, 28 U.S.C. § 1651(a), provides an extraordinary remedy that is available, if at all, only to the extent necessary to fill a gap in the post-conviction remedial scheme. See Sweat v. United States, 2019 WL 8329859 (M.D.N.C. July 5, 2019) (citations omitted), *recommendations*

---

[1] In Beckles, the Supreme Court held that the U.S. Sentencing Guidelines are not subject to vagueness challenges.

[2] The Fourth Circuit held in Davis that "a consolidated sentence under North Carolina law is a single sentence for purposes of a the career offender enhancement." 720 F.3d at 216.

3

*adopted*, 2019 WL 8329736 (M.D.N.C. July 29, 2019). Relief under is only available under § 1651 if no other avenue of relief exists. See generally United States v. Morgan, 346 U.S. 502, 512 (1954). Therefore, a writ of *audita querela* pursuant to § 1651 is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255, even if such relief is procedurally barred. In re Moore, 487 F. App'x 109 (4th Cir. 2012).

Here, *audita querela* relief is not available to Petitioner because he may seek relief through the remedial scheme set out in 28 U.S.C. §§ 2255 and 2241. See Sweat, 2019 WL 8329859, at *2 (petitioner's career offender challenges had to be raised, if at all, pursuant to §§ 2255 and 2241, and petitioner could not seek relief under § 1651).

Moreover, the Petitioner's knowing and voluntary waiver of his appellate and post-conviction rights bars the instant Petition. The fact that he has labeled his Petition as one seeking relief pursuant to § 1651 does not relieve him from the waiver of his post-conviction rights. See Mata-Soto v. United States, 558 F. App'x 844, 848 (10th Cir. 2014) (appellate and post-conviction waiver applied to petition seeking a writ of *audita querela* or *coram nobis* where enforcing the waiver would not constitute a miscarriage of justice). Nor does the fact that the law subsequently changed relieve Petitioner from his waiver because he has failed to demonstrate any fundamental error or miscarriage of justice has occurred. Petitioner's 262-month sentence was within the statutory maximum for each offense, and he does not suggest that any other fundamental error occurred. See Garza v. Idaho, __ U.S. __, 139 S.Ct. 738, 745 n.6 (2019) (recognizing that lower courts have applied exceptions for appeal waivers for claims that the sentence was based on race discrimination, exceeds the statutory maximum, or is the product of ineffective assistance of counsel); see, e.g., United States v. Blick, 408 F.3d 162 (4th Cir. 2005) (rejecting defendant's arguments that he could not have knowingly waived his appellate rights, or that his waiver was

invalid in light of United States v. Booker, 543 U.S. 220 (2005)); United States v. Adams, 814 F.3d 178, 182 (4th Cir. 2016) (an otherwise valid waiver is not enforced if "to do so would result in a miscarriage of justice"); United States v. Copeland, 707 F.3d 522, 530 (4th Cir. 2013) (a waiver is not enforced where there is an "illegal sentence … involv[ing] fundamental issues"). Therefore, the Petition for writ of *audita querela* pursuant to § 1651 will be denied.

Even if the Court were to liberally construe the Petition as seeking relief pursuant to § 2241 under § 2255's savings clause, the Petition would still be denied because Petitioner has not demonstrated that a § 2255 motion to vacate is "inadequate or ineffective to test the legality of his detention." United States v. Wheeler, 886 F.3d 415, 419 (4th Cir. 2018). To meet this standard, a petitioner must demonstrate: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. Id. at 429. These requirements are jurisdictional. Id. at 426.

Petitioner appears to be able to satisfy prong 1 because his criminal history was calculated pursuant to circuit law that was established at the time. He also appears to be able to satisfy prong 3 because he does not appear to be able to satisfy the criteria for obtaining authorization to file a second or successive § 2255 petition.[3] However, he is unable to satisfy prongs 2 and 4.

As to prong 2, Davis did change circuit law, but it is not a retroactive change that applies

---

[3] The present basis for relief, *i.e.*, that new Fourth Circuit case law has invalidated his career offender sentence, is not either newly discovered evidence of his innocence, or a new rule of constitutional law that was made retroactively applicable by the Supreme Court. See 28 U.S.C. § 2255(h).

5

retroactively on collateral review. See Lee v. United States, 2013 WL 5561438, at *3 (E.D.N.C. Oct. 3, 2013) (Davis "announced a purely procedural rule that is not retroactive on collateral review."); see also Burch v. United States, 2020 WL 956588 (M.D.N.C. Feb. 27, 2020); Lester v. United States, 2014 WL 4105677 (E.D.N.C. Aug. 19, 2014). Nor can Petitioner satisfy prong 4 because he complains of a post-Booker career offender error, which is not sufficiently grave to be deemed a fundamental defect for purposes of the savings clause. See United States v. Foote, 784 F.3d 931 (4th Cir. 2015) (finding that a subsequently-nullified career offender is not a fundamental defect resulting in a miscarriage of justice under the savings clause because the post-Booker guidelines are advisory). Cf. Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018) (holding that pre-Booker mandatory career offender sentencing error is sufficiently grave under Wheeler; distinguishing Foote). Therefore, even if the present Petition were liberally construed as seeking § 2241 relief via the savings clause, it would still be denied.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's *pro se* Petition for Writ of *Audita Querela* is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk is instructed to open this Motion in a new civil case.

2. Petitioner's Petition for a Writ of *Audita Querela,* (Doc. No. 46), is **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is

denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 19, 2021

Frank D. Whitney
United States District Judge